UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAXIMINO NOLAZCO, Individually and on
Behalf of the Wrongful Death Beneficiaries
of OLIVIA HERNANDEZ, Deceased; and
HECTOR ONTIVEROS, JR.                                                    PLAINTIFFS

vs.                                                       Civil No. 1:24-cv-012-GHD-DAS

CANNON USA, INC.; CANNON S.P.A. d/b/a
CANNON GROUP; and CANNON AFROS.;
And JOHN DOES 1-25                                                       DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court in this products and bystander liability action is the Defendant

Cannon USA, Inc.'s ("Cannon") Motion to Dismiss First Amended Complaint. [Doc. No. 27]. This

Motion focuses solely on the bystander liability claim. Upon due consideration, and for the reasons

set forth below, the Court finds Defendant's Motion should be denied.

### Background

This dispute arises from a products liability case concerning a pillow molding machine

Defendant Cannon manufactured, sold, and installed. [25]. The decedent, Olivia Hernandez, was

working in Belmont, Mississippi at Comfort Revolution Manufacturing of Mississippi, LLC when

a pillow became caught in the mold of the Cannon machine. [25]. Olivia entered the space between

the molds and attempted to dislodge the stuck pillow. [25]. Her head became pinned between the

molds, and the machine crushed her skull. [25]. The Plaintiff and the decedent's nephew, Hector

Ontiveros, Jr., were on the assembly line working at the time decedent became pinned in the

machine. [25]. Plaintiff attempted to stop the machine before it crushed the decedent; he was

unsuccessful, and Olivia was killed. [25].

1

Defendant Cannon now moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing Plaintiff lacks standing to bring this action. [27].

**Standard of Review**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the

speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

**Discussion and Analysis**

In his Complaint, Plaintiff argues nephews are or should be classified as a close relation under Mississippi law and can therefore assert a bystander liability claim.[1] [25]. For the reasons expressed below, the Court finds it is too early in the litigation process to determine whether the Plaintiff lacks standing to bring this bystander claim against Defendant Cannon. Therefore, Defendant's Motion to Dismiss First Amended Complaint shall be denied.

*Entex, Inc. v. McGuire* provides the factors required to establish a valid claim for bystander liability. 414 So.2d 437, 444 (Miss. 1982). Workers for the city of McComb were repairing an underground water line in front of the McGuire home when their equipment struck the couple's gas line. *Id*. at 439. As a result, the dresser coupling connecting the underground line to the McGuire home was damaged and began to leak gas. *Id*. at 440. This caused gas to build up in the home where Mrs. McGuire lit a cigarette. *Id*. at 439. That spark caused an immediate and powerful explosion that blew a large hole in the side of the house. *Id*. Mr. McGuire—having gone outside— rushed back in to pull his wife from the wreckage just before a second explosion occurred. *Id*. Along with other causes of action, Mr. McGuire brought a bystander liability claim against the city of McComb. *Id*. at 444.

Based on these facts, the *Entex* court established the now required factors for determining "whether a defendant should reasonably foresee the injury to plaintiff, or, . . . whether defendant

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

owes plaintiff a duty of care." *Id*. Those factors include "(1) [w]hether plaintiff was located near the scene of the accident;" "(2) [w]hether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident;" and "(3) [w]hether plaintiff and the victim were closely related." *Id*.

Defendant Cannon argues the aunt-nephew relationship in the case *sub judice* is not sufficient to meet the third *Entex* factor's "closely related" standard. [27]. However, it supports that belief with authority solely from district courts outside of the Fifth Circuit.[2] After extensive independent search, those cases and one other[3] are the only cases which this Court has found to directly support Defendant's assertion. Additionally, and as Defendant aptly stated in its Motion, "Mississippi has not directly addressed the relationship between an aunt and nephew for purposes of bystander liability." [Doc. 27, 5]. This presents a dilemma for the Court in determining who exactly qualifies as a close relation under the *Entex* test.

Alternatively, Plaintiff argues the aunt-nephew relationship is sufficient to meet the *Entex* standard. [25]. To support this claim, he cites *Smith v. Harrison County*, a Mississippi Court of Appeals case involving a nurse who witnessed sheriff's department employees beat an inmate. 67 So.3d 815, 816 (Miss. Ct. App. 2011). The *Smith* court's reasoning makes no mention of familial status but does note the *Smith* plaintiff "lacked a *close relationship* with [the inmate]." *Id*. at 817 (emphasis added). Plaintiff Ontiveros also argues the Mississippi Supreme Court could have created a brightline rule in *Entex* but "chose not to list relationship types" to account for non-traditional family units. [30]. The Court finds these arguments well taken at this juncture, and

---

[2] Defendant cites *Idemudia v. Consol. Rail Corp.*, 895 F. Supp. 162, 164 (E.D. Mich. 1995) and *Nees v. City of Phoenix*, No. CV-21-01134-PHX-GMS, 2022 WL 17976322 (D. Ariz. Dec. 28, 2022).

[3] See *Trombetta v. Conkling*, 187 A.D.2d 213 (N.Y. App. Div. 1993) (refusal to extend closely related status to niece who did not reside with her aunt).

Plaintiff thus has stated a claim for relief that, at this juncture, is plausible on its face. As a result, the Court must deny Defendant Cannon's Motion to Dismiss.

## Conclusion

Plaintiff's claim is facially plausible and above the speculative level required for a claim's dismissal under Rule 12(b)(6) and its progeny. The Court therefore finds Defendant Cannon USA, Inc.'s Motion to Dismiss First Amended Complaint should be denied.

An order in accordance with this opinion shall issue this day.

THIS the 2nd day of October, 2024.

_____

SENIOR U.S. DISTRICT JUDGE