UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAXIMINO NOLAZCO, Individually and on
Behalf of the Wrongful Death Beneficiaries
of OLIVIA HERNANDEZ, Deceased; and
HECTOR ONTIVEROS, JR.                                              PLAINTIFFS

vs.                                                        Civil No. 1:24-cv-012-GHD-DAS

CANNON USA, INC.;
and JOHN DOES 1-25                                                 DEFENDANTS

## ORDER GRANTING MOTIONS TO EXCLUDE OR LIMIT EXPERT WITNESSES

Presently before the Court is Plaintiffs' *Daubert* Motion to Exclude or Limit the Expert Testimony of Steven Arndt, Ph.D. [Doc. No. 136]. Also before the Court is Defendant Cannon USA, Inc.'s ("Defendant") Motion Seeking to Exclude Plaintiffs' Expert Mark Cannon [138].[1] The Court finds Plaintiffs' Motion [136] should be granted in part and denied in part while Defendant's Motion [138] should be granted.

Olivia Hernandez and her nephew, Hector Ontiveros, Jr., were working at a pillow manufacturing plant owned and operated by Comfort Revolution Manufacturing of Mississippi, LLC, when Olivia was injured by a "molding pillow carousel" manufactured, sold, and installed by Defendant [141; 150]. Hector heard a scream while working on the same assembly line as his aunt [*Id.*]. Olivia's head was caught in a pinch point at the demolding area after she attempted to remove a pillow that fell from the mold onto the floor [*Id.*]. This unfortunately crushed Olivia's head, but she was eventually removed from the machine [*Id.*]. Olivia later succumbed to her injuries at the hospital [*Id.*]. This lawsuit followed.

---

[1] The Court clarifies here, Plaintiffs' expert, Mr. Mark Cannon, has no affiliation with Defendant Cannon USA, Inc. Because the names are the same, the Court uses Defendant in place of Cannon, USA and Mr. Cannon when referencing Plaintiffs' expert witness.

Both parties seek to strike and exclude the other party's expert witness [136; 138]. "[D]istrict court[s] [have] wide latitude when navigating the expert-qualification process." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 625 (5th Cir. 2018). The Federal Rules of Evidence, *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the post-*Daubert* amendments to Federal Rule of Evidence 702 provide the framework for that qualification process. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citation omitted); *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *Watkins v. Telsmith*, 121 F.3d 984, 988-89 (5th Cir. 1997). Before allowing a witness to testify as an expert, a court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702).

Indeed, "[e]xpert testimony must be relevant, not simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Mears v. Jones*, 1:17-cv-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019) (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003); *see also* Fed. R. Evid. 702(a)) (internal quotation marks omitted). "[A]n expert may never render conclusions of law," opine "on legal issues," or "tell the jury what result to reach." *Id.* (internal quotation marks and other citations omitted). Rather, "it is the Court's job . . . to instruct the jury as to the applicable law." *Id.* (citations omitted). The proponent of the testimony bears the burden by a preponderance of the evidence to establish the reliability of the expert's testimony. *Johnson v. Arkema, Inc.*, 686 F.3d 452, 458 (5th Cir. 2012); *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

Defendants designated Dr. Steven Arndt as an expert in human factors, requesting he "assist in the investigation and understanding of the human factors issues associated with the subject

2

incident" [136-6]. Plaintiffs designated Mr. Mark Cannon "to perform an analysis and evaluation of the causal factors which allowed Ms. Hernandez to become entrapped, and critique and evaluate Cannon's responsibility as the designer and installer of the production line" [146-5].

Beginning with Mr. Cannon, the Court is of the opinion his testimony and opinions should be excluded because his report relies so heavily on an incorrect OSHA standard. Mr. Cannon used the 42-inch guardrail height requirement found in OSHA 1910.29(b)(1) to show "Cannon violated OSHA regulations when they installed the ~34-inch barrier" [146-5]. He also cited other organizational codes requiring a 42-inch-high railing which have no bearing on the case *sub judice* [146-5]. The Court finds this information irrelevant for this case's purposes, and while Mr. Cannon did not rely solely on this information, it is foundational to his entire expert report. Plaintiffs argue Mr. Cannon "opined and testified that the standard shows the logic behind a 42-inch height as opposed to the 34-inch height utilized by Cannon USA in its design" and "his opinions were not asserting that the design was unsafe or unreasonably dangerous solely because of an alleged violation or failure to comply with the OSHA standard" [147]. These arguments are unconvincing because at several instances, Mr. Cannon's report reads, "[Defendant] violated OSHA regulations" [*e.g.*, 146-5, p. 9]. Therefore, Mr. Cannon's testimony and opinions should be excluded from summary judgment consideration and trial.

Turning now to Dr. Arndt's testimony, the Court notes the parties make several arguments which go to the weight to be given Dr. Arndt's testimony, arguments more appropriately handled during trial. With that in mind, the "Court declines to sift through the [expert's] report[] line-by-line and separate the admissible opinions from the inadmissible ones." *Mears*, 2019 WL 348357, at *2. However, by Defendant's own admission, if Mr. Cannon's testimony is excluded, portions of Dr. Arndt's testimony and opinions are unnecessary. Defendant claims, "Dr. Arndt's opinions

3

are necessary to combat the mischaracterization of safety codes put forth by Plaintiffs' expert, Mark Cannon," and his "testimony is essential to refute [Plaintiffs' expert's] erroneous interpretation of code and regulatory requirements" [151, p. 8]. While the Court takes issue with this characterization of Dr. Arndt's testimony, it will not upset a party's reason for proffering an expert witness. Therefore, because Mr. Cannon is excluded—along with the testimony Defendants specifically claim they are using Dr. Arndt to combat—The Court will strike Dr. Arndt's testimony and opinions regarding any rebuttal against Mr. Cannon for purposes of summary judgment and trial. More specifically, the Court will strike the "Rebuttal" section of his expert report [136-6] and any testimonial reference to it. Additionally, the Court will not permit Dr. Arndt to testify to conclusions of law or tell the jury what conclusion it should reach in this matter. *Mears*, 2019 WL 3483157, at *1. If the parties need further clarification on this matter, they are free to raise the issue at trial.

Accordingly, the Court **ORDERS** Plaintiffs' *Daubert* Motion to Exclude or Limit the Expert Testimony of Steven Arndt, PhD [136] is **GRANTED IN PART** and **DENIED IN PART**: it is **GRANTED** insofar as Dr. Arndt's opinions and testimony offer any rebuttal of Mr. Cannon's opinions and testimony, any legal conclusions, or attempt to tell the jury what conclusion it should reach, and it is otherwise **DENIED**. Defendant's Motion Seeking to Exclude Plaintiffs' Expert Mark Cannon [138] is **GRANTED** for the reasons set forth above.

Dr. Arndt's opinions and testimony are **STRICKEN** as set forth above, and Mr. Cannon's opinions and testimony are **STRICKEN** in their entirety.

SO ORDERED, this, the ___16th___ day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

4