UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAXIMINO NOLAZCO, Individually and on
Behalf of the Wrongful Death Beneficiaries
of OLIVIA HERNANDEZ, Deceased; and
HECTOR ONTIVEROS, JR.                                              PLAINTIFFS

vs.                                                    Civil No. 1:24-cv-012-GHD-DAS

CANNON USA, INC.;
and JOHN DOES 1-25                                                DEFENDANTS

## <u>OPINION</u>

Presently before the Court is Defendant Cannon USA, Inc.'s ("Defendant") Motion for

Summary Judgment [Doc. No. 140] seeking to dismiss Plaintiffs Maximino Nolazco, Olivia

Hernandez's beneficiaries, and Hector Ontiveros, Jr.'s (collectively "Plaintiffs") claims against it.

For reasons set forth below, the Court finds Defendant's Motion [140] should be granted.[1]

### I.    *Background*

Olivia Hernandez and her nephew, Hector Ontiveros, Jr., were working at a pillow

manufacturing plant owned and operated by Comfort Revolution Manufacturing of Mississippi,

LLC ("Comfort Revolution") on April 26, 2022, in Belmont, Mississippi, when Olivia was injured

by a "molding pillow carousel" manufactured, sold, and installed by Defendant [141; 150].

Hector—working on the same assembly line as his aunt—heard a scream when Olivia was injured

[*Id.*]. He then called his cousin, his aunt's daughter, to notify her Olivia was injured and then made

his way to his aunt's station. [*Id.*]. Olivia's head was caught in the pinch point at the demolding

area after she attempted to remove a pillow that fell from the mold onto the floor [*Id.*]. This

---

[1] Also pending before this Court is Plaintiffs' Motion for Partial Summary Judgment [133]. Because the Court grants Defendants' Motion for Summary Judgment [140], the Court denies Plaintiffs' Motion [133].

unfortunately crushed Olivia's head, but she was eventually removed from the machine with Hector nearby [*Id.*]. Olivia later succumbed to her injuries at the hospital [*Id.*]. This action soon followed. The Court has already denied [50] a Motion to Dismiss [27] in this case, but it now addresses Defendant's Motion for Summary Judgment [140].

## II. *Standard of Review*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the

2

summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III.    Discussion and Analysis

The parties present many issues for the Court to address. The Court discusses each issue in turn, beginning with Plaintiffs' breach of warranty claims.[2]

### A. Breach of Warranty Claims

Mississippi law governs the statute of limitations for breach of warranty claims. Despite the parties' lack of any real discussion on this topic, there are two potential statutes of limitations at issue: (1) the Mississippi Products Liability Act's ("MPLA") three-year statute of limitations, Miss. Code Ann. § 11-1-49(1), and (2) Mississippi's general six-year statute of limitations, Miss. Code. Ann. § 75-2-725(1)-(2). The parties seemingly agree the general six-year statute of limitations apply to the breach of warranties claims in this case, but based on this Court's review of the law, the three-year statute of limitations is more appropriate for the case at hand. *Blouin v. Johnson & Johnson*, Civ. Action No. 2:17-cv-42-KS-MTP, 2017 WL 4969345, at *1-2 (S.D. Miss. Nov. 1, 2017) (citing *Turnage v. McConnell Techs.*, 671 F. App'x 307, 308 (5th Cir. 2016); *Smith v. Gen. Motors, LLC*, No. 3:17-CV-471-TSL-RHW, 2017 WL 4582330, at *1-2 (S.D. Miss. Oct. 13, 2017) ("MPLA claims are subject to the general three-year statute of limitations of Miss. Code Ann. § 11-1-49(1).").

Plaintiffs concede the limitations period under the six-year statute of limitations has run on their breach of warranty claims, but reserve "the right to revisit the issue with testimony at trial"

---

[2] The *Erie* doctrine applies in this diversity action; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

[150]. Because Plaintiffs concede they cannot overcome a six-year limitations period, it is clear they cannot overcome the MPLA's three-year limitations period. Therefore, Plaintiffs cannot overcome summary judgment on this claim and failed to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324; *Littlefield*, 268 F.3d at 282; *Willis*, 61 F.3d at 315. As such, no genuine issue of material fact exists regarding the breach of warranty claims, and they should be dismissed.

### B. Mississippi Products Liability Act

Despite the parties' utterly feeble attempts at briefing this issue, the Court turns its discussion to the parties' MPLA arguments.[3] The parties' main disagreement centers on the reach of the MPLA's preemption. The MPLA applies to claims against the manufacturer, designer, or seller of product at issue and governs "in *any* action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence[,] or breach of implied warranty, except for commercial damage to the product itself[.]" Miss. Code Ann. § 11-1-63 (emphasis added). The Mississippi Supreme Court has clearly held the MPLA is the exclusive remedy for products-liability claims, "abrogat[ing] products-liability claims based on strict-liability or negligence theories." *Elliot v. El Paso Corp.*, 181 So.3d 263, 268 (Miss. 2015); reaffirmed in *Sunshine Mills, Inc. v. Nutra-Blend, LLC*, 417 So.3d 133, 139-40 (Miss. 2025).

Mississippi federal courts have applied *Elliot* in holding the MPLA subsumes "all common law claims based on damages caused by a product." See, e.g., *Young v. Bristol-Myers Squibb Co.*, No. 4:16–CV–00108–DMB–JMV, 2017 WL 706320, at *3 (N.D. Miss. Feb. 22, 2017);

---

[3] The Court notes here the MPLA's three-year statute of limitations applies to the claims the MPLA preempts, including the three below, but the Court addresses each on the merits to combat the confusing nature of the briefing in this case. *Blouin*, 2017 WL 4969345, at *1-2.

*Gulfstream Prop. & Cas. Ins. Co. v. 14 Alarm.com, Inc.*, No. 5:21-cv-52-DCB-LGI, 2022 WL 1541290, at *3 (S.D. Miss. May 16, 2022) (collecting cases). The practical effect of this rule is common law claims "brought alongside products liability claims based on the same theory of recovery" are dismissed as "duplicative." *Young*, 2017 WL 706320, at *4; see also *Munson v. C.R. Bard, Inc.*, 561 F.Supp.3d 655, 659 (N.D. Miss. 2021) (dismissing negligence and implied warranty claims as subsumed by the MPLA and noting that to hold otherwise would permit a plaintiff to "side-step the rigorous provisions of the MPLA"); *Finch v. Pepperidge Farms, Inc.*, No. 1:18-cv-152-GHD-DAS, 2019 WL 302506, at *1 (N.D. Miss. Jan. 23, 2019) (dismissing negligence, negligence per se, and breach of an implied warranty claims subsumed by products liability claim as duplicative). In addition, common law claims asserted as independent tort claims "outside of the scope of the MPLA" should be dismissed for failure to state a claim. *Young*, 2017 WL 706320, at *4.

Defendant argues the MPLA preempts Plaintiffs' negligence claims and Plaintiffs fail to prove their claims by a preponderance of the evidence under the MPLA's framework. Plaintiffs do not deny the MPLA preempts "a concurrent claim of [c]ommon [l]aw negligence that is based on product liability[,] i.e.[,] a defective product;" however, Plaintiffs argue common law negligence still applies in this case because Defendant voluntarily undertook to install safety features on the equipment it installed at the Comfort facility [150].

It is uncontested Defendant "manufactured, sold, and installed" the equipment at issue in this case [141; 150]. Though neither party specified the claims to which the MPLA applies in this case nor conducted any real analysis concerning those claims, the Court finds Plaintiffs' failure to warn, design defect, and manufacturing defect claims are all subsumed by the MPLA, and the Court will therefore analyze each of those claims under the MPLA's framework. *Young*, 2017 WL

706320, at *4; *Munson*, 561 F.Supp.3d at 659; *Finch*, 2019 WL 302506, at *1. As for Plaintiffs' negligence and strict product liability claims, they must be dismissed as duplicative. See *Young*, 2017 WL 706320, at *4 (holding that to the extent plaintiff's claims "seek to impose liability outside the MPLA's framework," they fail as a matter of law as independent causes of action and are instead subsumed into the Plaintiff's claims under the MPLA); *Elliot*, 181 So.3d at 269 ("[t]o the extent that Plaintiffs purport to make common-law negligence or strict liability claims based on damages caused by [the product], we find that those claims fail as a matter of law); *Blouin v. Johnson & Johnson*, No. 2:17-CV-42- KS-MTP, 2017 WL 4969345, at *1-2 (S.D. Miss. Nov. 1, 2017). The Court, with no help from the parties to this litigation, now conducts the specific required analysis for those claims subsumed by the MPLA.

### 1. Claims for Failure to Warn

"A manufacturer is liable under a failure-to-warn theory if [1] the product failed to contain adequate warnings, [2] the inadequate warnings rendered the product unreasonably dangerous to the user or consumer, and [3] the inadequate warning proximately caused the damages for which recovery is sought." *Franklin v. Intuitive Surgical, Inc.*, Civ. No. 2:24-cv-45-HSO-BWR, 2025 WL 818169, at *3 (S.D. Miss. March 13, 2025) (quoting *Union Carbide Corp. v. Nix, Jr.*, 142 So.3d 374, 385 (Miss. 2014) (quoting Miss. Code Ann. § 11-1-63)) (cleaned up). Additionally, a plaintiff bringing a failure to warn claim must show "the manufacturer 'knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition.'" *Union Carbide*, 142 So.3d at 385 (quoting Miss. Code Ann. § 11-1-63(c)(i)).

It is clear to the Court the Defendant's user manual ("the User Manual") for the machine at issue provided adequate warnings of any dangers the machine may pose. To be sure,

6

> [a]n adequate product warning . . . is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product.

*Id.* (quoting Miss. Code Ann. § 11-1-63(c)(ii); *3M Co. v. Johnson*, 895 So.2d 151, 166 (Miss. 2005)).

Here, the subject User Manual provides a section on the identification of hazards which identifies moving machinery, pinch points, and crushing hazards. Additionally, the User Manual instructs operators to "[s]tay clear of moving machinery, and machine components that are capable of moving;" to "[n]ever position body or limbs between machines where movement could result in crushing or pinching;" and these same warnings are provided under the "Maintenance Precautions" section [153-2]. This is not an exhaustive list, but the Court here references the report of Dr. Stephen Arndt, Defendant's expert, for a fuller presentation of the User Manual's warnings [136-6, pp. 32-37]. Further, an individual working in the Comfort facility named Allan Simmons, when asked about the "potential for pinch injury or crush injury to a hand" at the machine in question, that witness responded, "[I]t was identified at the machine" [148-6]. The Court finds there were adequate warnings such that Plaintiffs' failure to warn claim is untenable, lacks any issue of material fact, and must therefore be dismissed.

### 2. *Claims for Manufacturing Defects*

To prove a manufacturing defect, the Plaintiff must demonstrate the subject product "deviated from the manufacturers' specifications or other units." *Adams v. Energizer Holdings, Inc.*, No. 3:12-CV-797-TSL-JMR, 2013 WL 1791373, at *3 (S.D. Miss. Apr. 19, 2013). "In addition, the MPLA imposes a temporal requirement that the product deviation must have existed at the time the product left the control of the manufacturer, designer or seller." *Gulfstream Prop. & Cas. Ins. Co.*, 2022 WL 1541290, at *4.

Plaintiffs provide little support for this claim. Their Amended Complaint [25], for example, makes nothing more than conclusory allegations about manufacturing defects on Defendant's machine, while never specifying the actual defect. Therefore, considering the above standards, the Court finds no genuine issue of material fact exists regarding Plaintiffs' claim for a manufacturing defect, and Defendant is entitled to judgment as a matter of law on this claim.

### 3. *Claims for Design Defects*

To show a design defect under the MPLA, a plaintiff must prove "at the time the product left the control of the manufacturer (1) the product was designed in a defective manner; (2) the defective design rendered the product unreasonably dangerous to the user; (3) there existed a feasible design alternative that would have to a reasonable probability prevented the harm; (4) the product failed to function as expected; and (5) the defective and unreasonably dangerous design of the product proximately caused the damages for which recovery is sought." *Nelson v. C.R. Bard, Inc.*, 553 F.Supp.3d 343, 357 (S.D. Miss. 2021) (applying Miss. Code Ann. § 11-1-63(a)(i)(3), (ii), and (iii)); *Brown v. Ford Motor Co.*, 121 F.Supp.3d 606, 611 (S.D. Miss. 2015).

The closest interpretation to an alleged defect this Court can glean from the record is the lack of more protective hardware surrounding the machine in question; that is, paneling covering the gap between the railing and the machine as well as protective light curtains. Both safety features were discussed with Cannon USA's 30(b)(6) witness, Russ Meyers, who explained Cannon did not begin adding these particular features to their machines until *sometime after* the 2012 installation of the Belmont facility's machine [148-2]. The machine left Defendant's control at the time of installation in 2012, and all of Plaintiffs design defect arguments concern features *after* the 2012 installation. These arguments are simply unavailing because Plaintiffs cannot show

Defendant's machine had a design defect at the time it was installed in 2012; therefore, this claim must also be dismissed.

### C. Negligent Misrepresentation

Finally, Plaintiffs bring a negligent misrepresentation claim alleging Defendant made "false representations to Comfort about [Defendant's] equipment being safe for use" while also claiming Defendant "failed to exercise reasonable care in ascertaining the accuracy of whether its equipment . . . installed at the Belmont facility was safe" [150]. Negligent misrepresentation claims fall outside the MPLA's preemptive authority. *Elliot*, 181 So.3d at 269. What is more, those claims are subject to a three-year statute of limitations period. *Mac Long Homes, LLC v. Olvera Constr., LLC*, 385 So.3d 835, 841-42 (citing Miss. Code Ann. § 15-1-49(1)). However, and for the same reasons set forth above, the Court conducts a short analysis regarding the merits of this claim.

To establish a *prima facie* negligent misrepresentation claim, a plaintiff must show:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

*Johnson & Johnson, Inc. v. Fortenberry*, 234 So.3d 381, 394 (Miss. 2017) (quoting *Skrmetta v. Bayview Yacht Club, Inc.*, 806 So.2d 1120, 1124 (Miss. 2002)) (internal quotation marks omitted). Once again, it is clear to the Court Plaintiffs cannot show the elements necessary for this claim because the Court can find no misrepresentation or omission of a fact other than those alleged at the top of this section. There is record evidence, as discussed above, the decedent had some warnings of the machine's dangers, but there was no record evidence of any design or manufacturing defects existing in the machine. Thus, the Court is at a loss about what the Defendant could have negligently misrepresented. This leaves the Court with no real issue of material fact concerning this claim; therefore, it must be dismissed.

*IV.* ***Conclusion***

For the foregoing reasons, the Court finds Defendant Cannon USA's Motion for Summary

Judgment [140] should be granted and all claims against it dismissed.[4]

An order in accordance with this opinion shall issue this day.

THIS, the 24th day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

---

[4] Because the Court dismisses all underlying claims, Plaintiff Hector Ontiveros, Jr.'s bystander liability claim must also be dismissed due to its derivative nature. This Court makes no substantive determination on the general viability of bystander liability claims.

10